May it please the Court, General Brannon on behalf of Petitioner Jose Garcia. Mr. Brannon. Garcia's claim basically is that the California Superior Court's decision involved an unreasonable application of federal law as well as an unreasonable determination of the facts in light of the evidence presented in the court below. Now, the Superior Court summarily concluded that Garcia's counsel was not ineffective without considering that all the objective circumstances are making adequate findings. It restricted its view of the record to the two-minute pretrial colloquy between Garcia and the court and basically drew its conclusions based on Garcia's comment that he had discussed the offer, the determinate sentence offer with his lawyer, and the court's comment that if you're convicted, you're looking at never getting out. Well, now, aren't we bound by findings of fact made by the trial court and specifically that the attorney did not misinform his client about the pre-bargain? Is that unreasonable? You can't look behind that, can we? If the factual findings of the Superior Court are unreasonable or are based on a limited review of the record, then I don't think they deserve deference in this case. Counsel, what's your case authority for the proposition that the facts are not entitled, the fact finding is not entitled to deference if it's based on a limited review of the record? What case are you relying upon for that assertion? I don't have that on the tip of my tongue. But if the factual finding is unreasonable, and I know in Blalock, the court just said that it wasn't important what the petitioner believed. What makes this finding of fact unreasonable in your view? Well, because the court based its decision on the two-minute discussion that transpired between the court and the defendant rather than looking to the other evidence that was presented. Now, there was a declaration from Mr. Garcia that was presented regarding his intent and what his lawyer told him and what he understood about his exposure and what he understood about the probability of his conviction and what he understood about different indeterminate sentences. Counsel, is it your argument that there is a time parameter on adequate fact finding by the court? I'm not sure. You say the two-minute fact finding. Is that fatal in your view that the colloquy was only two minutes? Not necessarily. I think it depends on the circumstances. What about this two-minute colloquy made it fatally defective? I think it left out a lot. I think, I mean, the court, well, the superior court, when it looked back on this and restricted its view of this colloquy, leaves out the rest of the record. Now, when the petitioner filed his petition, he submitted additional evidence, including statements by his trial lawyer as to what he understood and his own statements about what he understood. And before, it seems to me that a superior court, in trying to make an IAC determination, has to review all the relevant circumstances. What makes you think the court didn't review all of it? Well, there's no discussion. I think the court just summarily concluded that this guy was just making up his mind after the fact to get a lower sentence. I mean, he didn't really review anything that Mr. Garcia had stated in his declaration. Why can you say that if the court had the whole record? Why should we assume the judge didn't look at the whole record, but then in the decision they made point to the portions they wanted to emphasize? Well, because he makes no mention of it. The court makes no mention of it. Well, I made no mention in an opinion about everything you filed. It doesn't mean I didn't read it. I might just cite those things that were important to what I'm deciding, and I would not necessarily cite everything of the other things you do. Well, in terms of the first prong of Strickland, the magistrate judge assumed that if the lawyer was not well-informed about sentencing and did not properly and adequately inform his client about his probable sentence, the probability he would be convicted and his exposure, that would amount to IAC. The Superior Court just glossed over that and said, no, IAC. Look, he said, Garcia said that he talked with his attorney. Is that really evaluating the entire record? Separate from the allegations about the prospects of success, but just getting down to the sentence, the options, what is your contention as to the specific misadvice that was given about what the offer was and what the possible sentences were? I don't think that Mr. Garcia understood his options when he was presented with the offer, and he could not make an intelligent decision at that point. And what he understood, and what I think he understood, was that his lawyer basically told him he was looking at 25 to life. That's true if he's convicted of one count. Right. So he didn't tell him that. That's not inaccurate, is it? That is inaccurate. Well, it's accurate if he's convicted of one count. He's got 25 to life. There was three counts. I understand that. But at least I'm trying to figure out what he said wrong. So he's right if he's convicted of one count. The only reason he might be wrong is if he's convicted of multiple counts. Right. But the evidence of trial. The judge then says if you're convicted of these counts, you're facing life, which would be multiple counts. But he didn't understand what that meant. Life, his lawyer told him that 25 to life was equivalent to the Court's 36-year determinant sentence and that all life sentences were equivalent. How could anybody make an intelligent decision if he didn't understand the difference between different indeterminate sentences versus the determinant sentence? How could anybody in their right mind reject a net 30-year determinant sentence? Because he's told that he's got a 60 percent chance of winning. In exchange. In exchange. But that in itself is a gross mischaracterization of the record, Your Honor. Well, I'm not sure we could say that. I mean, but if in the circumstances you have, it's a very good reason a person would reject a plea agreement was because my lawyers told me I got a 60 percent chance of winning. If I win, I get nothing. If I only get convicted on one count, then I'm facing 25 to life. And so the only way this offer should be accepted is if I believe I'm going to be convicted more than one count. But there is very, very little, if any, chance that he would be convicted on one count. All the evidence from the record points to this person being convicted on three counts and having to be sentenced consecutively to consecutive life sentences. And this is what he didn't understand. But, Counsel, this was not a slam-dunk case against the defendant, was it? There was a serious misidentification issue. Well, I think it was a slam-dunk case, Your Honor. In retrospect, perhaps. But there was four counts, robbery counts, three of which resulted in conviction, and Javier Morales was robbed. But, Counsel, there was an inability to identify the defendant. Well, he was identified in the field right after this guy, you know, this guy saw the guy that robbed him, called the police. You know, the police came, picked him up. They went and got him right there. But his appearance was changed between the time he was identified in the field and the time of trial. He was identified in the field and from photographic lineups. And he was not identified at trial, was he? No. He wasn't identified at trial because he changed his appearance. He was identified by two different people at two different times. Counsel, you're down to about two minutes. Do you wish to reserve it? I just would like to say that if we accept the truth of Garcia's factual allegations, if we just accept his declaration, he would have been able to prevail on the IAC claim. And as such, he was entitled to an evidentiary hearing. It was denied him by the district court. I think the district court abused his discretion by not offering him that. Because I don't... They're asking us to expand the COA to get to the evidentiary hearing issue. Is that right? Well, I don't think we need to expand the COA to do that. But I do think that the law is clear on this. If you accept his allegations as true, which would mean he could prove IAC, then he's entitled to an evidentiary hearing. And he didn't get that. And that would... I thought the only issue that was certified was the IAC issue. Okay. Excuse me. I guess you're right then. Then I would be asking for an expansion of the COA. Thank you. Thank you, Counsel. You can reserve your remaining time. We'll hear from the government. Thank you. May it please the Court. Keith Barhan, Supervising Deputy Attorney General, on behalf of Respondent. This case is easily resolved by following the framework used by the district court in resolving the question before this Court, which is primarily on prejudice grounds and in terms of IAC. And it's also the same framework that was used that easily could resolve the issue for the California Supreme Court on a petition for review, for the Court of Appeal in California on habeas corpus, and even in the trial court on habeas corpus. So there are three different California courts that reviewed this record and all have denied it on the merits. And the prejudice... Yes, Your Honor. ...claim is either on effective assistance or prejudice. On both grounds. Okay. Under Strickland, there's alternative basis from which you can decide an ineffectiveness claim either on prong one, which would be the effectiveness of counsel on prong two, prejudice, both under Strickland are acceptable means of resolving the legal issue. I was curious about something. Counsel said that he was exposed to 25 years to life. I thought 35 years was the minimum because there's a 10-year add-on for the gun. Isn't that right? There was a 10-year enhancement on the gun use that could have been imposed by the trial court. And the trial court has discretion to impose a range of sentences on gun use. In this case, it was imposed the high term, which is a 10-year upper limit for that. Yeah. But the issue is did counsel advise the defendant of what his potential sentence was? And we do have a State court finding to the fact that he did. But what's curious to me is that he was wrong. It wasn't 25 to life. It was 35 to life. So it was a minimum of 35 years. Or not. I mean, maybe I'm misreading it. Yeah, potentially. That is correct. Potentially, that was his potential liability. That is correct. But he did tell us. So does that affect the issue which opposing counsel raises? No. Whether the State court finding was clearly erroneous. No, because if you read the declaration of Petitioner, and Petitioner filed the same declaration in the trial court, in the Court of Appeal, and was reviewed in the California Supreme Court, and was before the district court, and is part of the excerpts of record here, in that declaration, Petitioner states that he was advised by counsel that, yes, he was advised of 25 years to life, but he was further advised 25 years to life is a life sentence, and life is life, and it does not matter how many years precede the life term. What does that mean? He was basically told he would not get out of prison if he went in, and at the same time, that admonishment was reinforced by the trial court, who told Petitioner before he decided to go to trial, if you decide to go to trial and you're convicted, you are never getting out. Those two advisements are consistent and would explain why he turned down the plea offer. And on that basis, the trial court's finding with respect to the ineffective assistance counsel claim is reasonable, as well as the Court of Appeal and the Supreme Court's, even if you accept at face value the allegations in the declaration that Petitioner filed. And with respect to the – I want to comment on the remark of counsel in opening that the trial court did not consider the entire record. The excerpts have the minute order in there, and in that minute order, the trial judge states two things. One, he'd read and considered the entire petition, and two, he had reviewed the entire trial court file before finding it. So it's not just the colloquially between the trial court and Petitioner. Where is that in the record, counsel? That's in the excerpts of record at 108, ER 108. Thank you. Back to what Judge O'Stanley was asking. If the advice was you're facing, if you go to trial, 25 years to life, would that be correct? Or to make that advice correct, would you have to have added some things? Like, but if the gun count is also there, it's 35 a life, and then if it's more than one count, it's 70 to life. Or is – are you really relying on – not that they told him 25 to life, which may be wrong. You're relying that he said life is life, and it doesn't make any difference what's ahead of it. Yes, I'm relying on that. All right. And that really isn't true, is it? Because if he believes if I go to trial, I'm facing 25 to life, so maybe my lawyer can get me a lesser sentence than life. And that's a better option than taking a deal that's 35 right now. And so the advice he has really isn't correct. I mean, he may well be willing to go to trial if he thinks even if I'm convicted, I can get 25 years. Well, you added a fact in there, Your Honor, that I think makes it correct, and that is if my lawyer thinks he can get me a better sentence, and that – and if the counsel argued for concurrent sentences, it would have been 25 years to life instead of consecutive sentences. But if you're convicted of one count – In fact, he even moved to strike the priors, and he attempted to overturn the priors to get the trial court to exercise its discretion under the three strikes law to strike the priors to lessen his liability that way. So, I mean, in terms of what he was trying to achieve, it's correct. It is correct that he could have – he was trying to get him a better sentence, but he didn't succeed. So in that sense, his advice would be correct. Counsel, I'm looking at page 108 of the record. Would you point me to the language that says the Court considered the entire record? Okay. First at 107, it states the Court has read and considered the defendant's petition for writ of habeas corpus, received on March 20th. Then on 108, on the 1, 2, 3, 4, 5th paragraph down, the – The contents of the trial court file. Yes. But it doesn't say the entire record, does it? It says the trial court file, yes. Right. Okay. But with respect to – I would note that with respect to the California Court of Appeals order that denied the petition for writ of habeas corpus, they specifically state that they had considered in conjunction with the petition the record from the appeal. And in the appeal, we know for sure that the entire record was transcribed. And with that, unless the Court has any further questions. No further questions. Thank you, Counsel. Mr. Breenan, you have a little bit of time. Okay. Thank you, Your Honor. First of all, I'd just like to say that the superior court decision in this case is the controlling reason decision, the only one. Counsel's reference to the Court of Appeal and the Supreme Court of California have no bearing on how this Court evaluates the superior court's ruling. The other thing I wanted to mention was that a sentence disparity combined with Petitioner's statement concerning his intentions has been held to be sufficient. For prejudice. And what we have here is an incredible disparity in sentence. I mean, we have the difference between an essential LWOP and a possibility for parole. I mean, that's enormous. And so the question becomes, how could anyone in their right mind forego that in lieu of facing consecutive, mandatory consecutive life terms, which was well established by California's three strikes law at the time. And based on the evidence in the record, I think that that needed to be no one told him, by the way, that he was facing 70 to life. If only if there were four robbery counts, the jury convicted him of three. If the jury had convicted him only of two, he would still be facing 70 to life. Nobody told him that. All right. Thank you, counsel. Thank you. Your time has expired, counsel. Thank you very much for your argument. The case just argued will be submitted for decision. And we will now hear big five.
judges: O'scannlain, Rawlinson. Whaley